IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MYCA HOLLOWAY ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **V.** ) | Case No:  2:21-cv-2567-JTF-cgc |
| ) | |
| **MEMPHIS FIRE DEPARTMENT and** ) | |
| **RODDI HUGARD,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND DISMISSING THE CASE WITH PREJUDICE**

Before the Court is Plaintiff Myca Holloway's *pro se* Complaint against Defendants Memphis Fire Department and Firefighter Roddi Hugard, ("Defendants"), for alleged violations of her civil rights under 42 U.S.C. § 1983 that was filed on September 7, 2021.  (ECF No. 1.) Holloway alleges that during a response for ambulatory services at 687 McConnell Street, she experienced inappropriate "sexual harassment, sexual assault, and sexual misconduct" by Firefighter Roddit Hugard.  (*Id*. at 3.)  The matter was assigned to a United States Magistrate Judge for screening and management pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), in addition, to referral pursuant to Admin. Order 2013-15 and 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

On December 27, 2021, the Magistrate Judge entered an order granting Plaintiff leave to proceed *in forma pauperis* and a report and recommendation that the § 1983 action should be dismissed with prejudice for failure to state a claim for which relief may be granted.  (ECF No.  6,

1

3-4.) The Magistrate Judge noted that Holloway alleged that Hugard grabbed her left hand with his blue latex glove, stroked her ring up and down, and inquired about her marital status. (ECF No. 7, 2.) The Magistrate Judge recognized that *pro se* complaints are held to a less stringent standard than formal pleadings drafted by lawyers and are liberally construed. *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)  Nevertheless, the Magistrate Judge recommends dismissal of this action with prejudice because Holloway failed to allege facts to satisfy the elements of a § 1983 claim. A plaintiff must allege (1) a deprivation of a right or rights secured by the Constitution and laws of the United States (2) that were committed by a defendant acting under color of state law.  In the report and recommendation, the Magistrate Judge determined that Holloway specifically failed to state what actions were committed by the Memphis Fire Department or Firefighter Roddi Hugard that deprived her of her Constitutional rights. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). (*Id*. at 5.)  The Magistrate Judge also recommends that the Court certify that an appeal in this case would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.  28 U.S.C. § 1915(a). (*Id*. at 5-6.)  Plaintiff was given fourteen (14) days in which to file objections to the report and recommendation.  None were filed.

    On March 8, 2022, the undersigned Court issued an Order for Plaintiff to show cause within ten (10) days as to why her case should not be dismissed in accordance with the Magistrate Judge's report and recommendation and for failure to prosecute. (ECF No. 8.)  The deadline for Plaintiff to comply with the Order to Show Cause was March 18, 2022.  (*Id*. at 1-2.)  To date, Plaintiff has failed to offer any objections to the Report and Recommendation or to the Court's Order to Show Cause.

    Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by

permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 Fed. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). However, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72(b)(2) (advisory committee notes). The district court is not required to review and "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

In this case, Plaintiff was advised that dismissal of her action would follow, without further notice, if she failed to respond to the undersigned Order to Show Cause. (ECF No. 8.) As noted, to date, Plaintiff has failed to respond. The Sixth Circuit held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. *Harris v. Callwood*, 844 F.2d 1254 (6th Cir. 1988); *Sepia Enterprises, Inc. v. City of Toledo,* 462 F. 2d 1315 (6th Cir. 1972) (*per curiam*). Holloway has been afforded more than a reasonable period of time to file objections to the Magistrate Judge's report and recommendation for dismissal and to comply with this Court's Order to Show Cause. Therefore, the Court adopts the Magistrate Judge's report and recommendation, ECF No. 7, and dismisses

this case with prejudice for failure to state a claim for which relief may be granted and for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Holloway in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Holloway would not be taken in good faith.

**IT IS SO ORDERED** this 22nd day of August 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE